■    Lawrence O. Shambeau et al., Appellants, v County of Saratoga, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered March 30, 1978 in Saratoga County, upon a dismissal of the complaint by the court at a Trial Term, at the close of the plaintiffs' case. Plaintiff Lawrence O. Shambeau sued to recover damages for personal injuries and property damages sustained while he was operating his motor vehicle alone on County Highway No. 13 on August 9, 1975 in Saratoga County. Plaintiff Lillian Shambeau, his wife, asserted a derivative cause of action only for loss of her husband's services. Plaintiffs allege the accident was caused by defendant's negligence in maintaining the roadway at the time of the accident in a broken-up, loosened surface or "spalled" condition. Plaintiff driver's testimony was that he was proceeding along Route No. 13 about 10:00 P.M. on August 9, 1975 at a speed of 30 miles per hour when, after he came over the crest of a hill, he hit this "rough" spot in the roadway. He "felt the wheel pulling right, and then, to get myself out of it, I headed left and wound up in a ditch on the other side of the road." The vehicle turned over and ended up in a gully on the left side of the road. The speed limit in the area was 55 miles per hour. He was familiar with the poor conditions of the road. There was a sign posted along the highway which warned "rough road 7.8 miles." He was familiar with the sign. Plaintiff driver described the particular road area, which he alleged caused the accident, as being soft with no hard surface on it, just stone and sand and pieces of road. He said pieces of the road surface were of varying sizes and loose. This broken-up or spalled area was described by him as being four to five feet in width, extending into the driving lane, and about 13 to 14 feet in length. There was evidence from the highway superintendent that county road crews had made repairs in the area the day prior to the accident. He had last inspected the road prior to the accident on June 22, 1975. At the close of the plaintiff's evidence, the cause of action for property damage was dismissed by consent for lack of proof of the value of the loss

sustained. The motion to dismiss the personal injury and derivative actions was granted on the trial court's finding of: (1) "contributory negligence on the part of plaintiff driver", (2) "lack of notice to the county" and (3) "no negligence on the part of the county." The trial court erred in taking the case from the jury. Accordingly, the judgment should be reversed and a new trial granted as to the first and second causes of action. A moving party is entitled to a motion to dismiss at the close of the plaintiff's case under CPLR 4401 only where the movant is entitled to judgment in his favor as a matter of law. That is, only when the court "would be required to set aside a contrary verdict for insufficiency of evidence" (see *Loewinthan v Le Vine,* 299 NY 372, 377-378). A CPLR 4401 motion can only be granted "when the trial court, accepting as true evidence of a nonmoving party and all inferences reasonably drawn therefrom, determines that by no rational process could the trier of facts base a finding in favor of the party moved against upon the evidence presented" *(Newland v Juneau,* 62 AD2d 1125, 1126). On the evidence presented, a jury could find that plaintiff was free from contributory negligence in the operation of his vehicle that night, that a hazardous road condition existed which caused his car to swerve abruptly and go off the road and that the county had actual or constructive notice of the hazardous road condition complained of and failed to take reasonable measures to correct it (see *Gaines v Long Is. State Park Comm. of State of N. Y.,* 60 AD2d 724). Under such circumstances, the case should have been submitted to the jury *(Wessel v Krop,* 30 AD2d 764). Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.