TERENCE W. MURPHY, Appellant, v ROBERT HERFORT, Respondent.

On November 16, 1982, the plaintiff was suspended from his position as an anesthesiologist on the staff of St. Agnes Hospital in White Plains, New York, following a unanimous vote of the Joint Conference Committee (hereinafter JCC). At the November 16, 1982, meeting of the JCC, the defendant, who was chairman of the JCC, as well as president of the medical staff and assistant chief of surgery at the hospital, presented a list of complaints against the plaintiff that he had compiled from a variety of staff members. Some or all of the allegations against the plaintiff had previously been aired by the defendant at two informal meetings of the JCC.

During the nonjury trial, the plaintiff sought to establish the defendant's liability with respect to 16 causes of action sounding in defamation, injurious falsehood, interference with prospective economic advantage, interference with contractual relations, prima facie tort, and breach of hospital bylaws. At the conclusion of the plaintiff's case, the court dismissed his complaint pursuant to the defendant's motion under CPLR 4401.

On appeal, the plaintiff argues that the trial court was bound by prior court orders declining to dismiss various causes of action. The plaintiff further contests the defendant's assertion of a qualified privilege and contends that, in any

event, he established that the defendant acted out of malice and uttered statements with knowledge of their falsity. The plaintiff's contentions are without merit.

The standards governing pretrial motions to dismiss a pleading for insufficiency or for summary judgment are quite different from those applied on a motion for judgment as a matter of law at the conclusion of a plaintiff's case. In the latter instance, the test is whether, accepting as true the evidence of the nonmoving party, there is no rational basis by which the trier of fact could find in favor of the nonmoving party *(Shambeau v County of Saratoga,* 70 AD2d 971). The trial court properly applied this standard in the instant case and dismissed the plaintiff's complaint.

Under the liberal provision of CPLR 3025 (b), a court, in its discretion, may permit a party to amend a pleading at any time, provided that there is no prejudice to the other side. At bar, two varieties of privilege had been advanced by the defendant in his answer, so that the plaintiff was on notice that a defense of privilege was being alleged. The trial court was not foreclosed from permitting the defendant to assert the defense of common-law qualified privilege on the ground of this court's prior decision wherein we declared that the plaintiff's suspension was illegal *(see, Murphy v Herfort,* 119 AD2d 737), since the applicability of this privilege is determined not by the legality of the plaintiff's suspension but rather by the interests of the parties with respect to the statements alleged to be defamatory. A communication is qualifiedly privileged where it is fairly made by a person in the discharge of some public or private duty upon any subject matter in which that person has an interest, and where it is made to a person or persons with a corresponding interest or duty *(Toker v Pollak,* 44 NY2d 211; *Shapiro v Health Ins. Plan,* 7 NY2d 56). Here, the allegedly defamatory statements were made by the defendant, a hospital official, to other hospital officials concerning a matter of concern to the hospital. Thus, we conclude that the statements were qualifiedly privileged.

Communications protected by a qualified privilege do not provide the communicant with absolute immunity against the imposition of liability in an action sounding in defamation. Rather, this conditional privilege merely negates the presumption of malice and places the burden of proof with respect to this issue on the plaintiff *(Toker v Pollak, supra,* at 219).

In order to establish malice, a plaintiff must show personal spite, ill will, culpable recklessness or negligence *(Shapiro v*

*Health Ins. Plan, supra).* Mere falsity is not enough unless it is also shown that the defendant knew, or was culpably reckless in not knowing, that his statements were false *(Greenfield v Kanwit,* 546 F Supp 220, *affd* 714 F2d 113). The showing of the defendant's actual state of mind—either subjective awareness of probable falsity or actual intent to publish falsely—must be clear and convincing *(Simmons Ford v Consumers Union,* 516 F Supp 742). A demonstration consistent with a desire to injure the plaintiff is required, and suspicion, surmise and accusation are not enough *(Friedman v Ergin,* 110 AD2d 620, *affd* 66 NY2d 645). We find that there was no showing that the defendant doubted the truth of any of the statements he was proven to have made, or that he was motivated by a desire to injure the plaintiff. Accordingly, the Supreme Court properly granted the defendant's motion to dismiss.

We have examined the plaintiff's other contentions and find them to be without merit. Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.