■ CELIA HITTER, Appellant, v BURTON R. RUBIN et al., Respondents. [617 NYS2d 730] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered on or about March 14, 1994, which, *inter alia,* granted the cross motion of defendants Burton R. Rubin, Suzanne S. Rubin and Rubin, Baum, Levin, Constant & Friedman (the Rubin defendants) to vacate their default in filing an answer, and granted the cross motion of defendants Stanley C. Robinson, Norma Smith, "Jane" Dorfman and 880 Fifth Avenue Corporation (the cooperative defendants) for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.

Given that the delay in serving an answer to the complaint was only 5 days and that plaintiff alleges no prejudice from the delay, as well as the Rubin defendants' showing of a

potentially meritorious defense to the complaint, vacatur of their default was proper *(see, Shure v Village of Westhampton Beach,* 121 AD2d 887).

The IAS Court also properly granted the cross motion of the cooperative defendants, concluding that plaintiff had failed to counter the cooperative defendants' contention that their rejection of her application to become a shareholder was not based on unlawful discrimination. Even assuming that, as the IAS Court asserted, "[p]laintiff's allegations set forth a prima facie case" of housing discrimination, plaintiff has not shown that. " 'the legitimate reasons offered by the defendant[s] were not [their] true reasons, but were a pretext for discrimination' " *(Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937, 939, quoting *Texas Dept. of Community Affairs v Burdine,* 450 US 248, 253).

It is not disputed that plaintiff's financial worth statement was overstated. Nor is it disputed that plaintiff altered a letter of submission with the intention of allowing her brother to stay overnight when she was not in the apartment, a violation of coop rules. When the board challenged this alteration, plaintiff described it as an "innocent" change but agreed to delete it.

The cooperative defendants cited these incidents as evidence that plaintiff "was less than candid and in fact was dishonest and argumentative and thus should not be approved as a shareholder in the [cooperative]" *(see, Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 538), and that "[her] age, sex and marital status were not considered by the board in [rejecting her]". To counter these denials of discriminatory practice, plaintiff offered only a hearsay assertion, namely that a real estate broker had told her that there had been a policy at the cooperative to discourage elderly, and particularly single, elderly people from buying apartments because they tend to be a great burden on the service staff. As the IAS Court noted, "[t]his hearsay statement is of no probative value. Her claim is totally unsupported by any other evidence, ranging from the fatal omission of an affidavit [by the broker] to a simple tally of the number of elderly residents living in the building".

We have considered plaintiff's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.