■ PAUL SIRIANNI et al., Appellants, v AL RAFALOFF et al., Respondents. [727 NYS2d 452] —In an action, *inter alia*, to recover damages for wrongful termination of a proprietary lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated September 15, 2000, as granted the motion of the defendants Al Rafaloff, Annette Rafaloff, Helen Shaine, Carolyn Ryan, Joe Rosen, and 109 Tenants Corp. for leave to renew their prior motion for summary judgment dismissing the amended complaint insofar as asserted against them, and upon renewal, granted those branches of their motion which were to dismiss the first through fourth, eighth through eleventh, thirteenth, and fourteenth causes of action insofar as asserted against them, granted the separate motion of the defendant Daniel Moore for summary judgment dismissing the complaint insofar as asserted against him, and denied their cross motion for summary judgment dismissing the counterclaims.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs operated a business out of their cooperative apartment in Forest Hills since 1980. After receiving complaints from other cooperative shareholders in April and May 1997 that the plaintiffs were operating a business out of their apartment in violation of the proprietary lease, members of the cooperative board and the board's counsel inspected the plaintiffs' apartment in September 1997, and confirmed that the apartment was being used for a business purpose. The cooperative board, through its counsel, issued a notice of termination, dated November 25, 1997, to the plaintiffs advising them that their tenancy would be terminated if they failed to cure their violation of the proprietary lease. The cooperative board then commenced a holdover proceeding in January 1998, which was dismissed that month due to an error in the notice of termination.

The cooperative board served a notice to cure, dated February 11, 1998, indicating that a notice of termination would be served if the plaintiffs failed to cure the violation by March 16, 1998. The cooperative board served a second notice to cure dated May 5, 1998, advising that a notice of termination would be served if the plaintiffs did not cure the violation by June 5, 1998. A notice of termination dated June 15, 1998, was served. The plaintiffs then commenced this action against the cooperative corporation and its board of directors, a tenant, and the spouse of a board member, alleging, *inter alia*, that the termination of their lease was motivated by racial animus.

After the defendant Annette Rafaloff, who is the spouse of a board member, and the defendant Daniel Moore, a cooperative tenant, made out a prima facie case of their entitlement to judgment as a matter of law, the plaintiffs failed to present any triable issue of fact that these individuals participated in the acts complained of. Therefore, the Supreme Court properly dismissed the complaint insofar as asserted against those defendants.

The Supreme Court properly dismissed the causes of action alleging racial discrimination insofar as asserted against the remaining defendants since the basis for termination of the proprietary lease was the plaintiffs' failure to discontinue their business use of the premises (*see, Fine v Berman,* 238 AD2d 220; *Hitter v Rubin,* 208 AD2d 480). Similarly, the Supreme Court also properly dismissed those causes of action alleging breach of fiduciary duty, as the business judgment rule prohibits judicial inquiry into the actions of board directors undertaken in good faith and in furtherance of the cooperative's business (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530).

The plaintiffs' cause of action to recover damages for intentional infliction of emotional distress was also properly dismissed since the plaintiffs failed to establish that the termination of their proprietary lease was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community" (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303; *see, Howell v New York Post Co.,* 81 NY2d 115, 122, 82 NY2d 690).

The plaintiffs also failed to plead the alleged defamatory statements with specificity as required under CPLR 3016 (a), and failed to set forth the time, place, and manner of such statements, thus warranting dismissal of their cause of action to recover damages for defamation (*see, Grynberg v Alexander's Inc.,* 133 AD2d 667, 668). Moreover, the plaintiffs' cause of action alleging malicious prosecution was also properly dismissed, since the defendants established a prima facie case for summary judgment and the plaintiffs failed to raise a triable issue of fact demonstrating that the holdover proceeding interfered with the plaintiffs' person or property (*see, Realty by Frank Kay v Majestic Farms Supply,* 160 AD2d 789, 790).

The plaintiffs' remaining contentions are without merit. Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.