■ JOSEPH RENTZ et al., Respondents, v LONG ISLAND LIGHTING COMPANY et al., Appellants. [735 NYS2d 175] —In an action to recover damages for personal injuries, etc., the defendants, Long Island Lighting Company, Cablevision Systems Corporation n/k/a CSC Holdings, Inc., and Corrine J. Olson and Donald C. Olson, separately appeal from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated August 31, 2000, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions for summary judgment are granted, and the complaint is dismissed.

The plaintiff Joseph Rentz (hereinafter the injured plaintiff) contended that he was injured from an electric shock while on the property of the defendants Corrine J. Olson and Donald Olson to spray trees. The Olsons had covered an exposed cable television wire with a wood board. After stepping over this board, but without making any contact with the board or the wire, and after both feet made contact with the asphalt driveway, the injured plaintiff felt an electric shock in both of his legs. In support of their respective motions for summary judgment the Olsons, Long Island Lighting Company (hereinafter LILCO) and Cablevision Systems Corporation n/k/a CSC Holdings, Inc., relied on the facts that the injured plaintiff never made direct or indirect contact with the wire or wood board, that the wire was still fully insulated, and that approximately 45 minutes after the accident a LILCO employee could not detect any voltage or amperage in the cable television wire or in the surrounding area. The Supreme Court denied their motions on the grounds that the reliability of those tests was not sufficiently established and that the defendants did not conclusively prove that there was no electricity in the area at the time of the accident. We reverse.

In order to succeed on a motion for summary judgment, the movant must establish entitlement to judgment as a matter of law by the tender of evidentiary proof in admissible form (see, Zuckerman v City of New York, 49 NY2d 557). The defendants met their respective burdens by submitting evidence which, if left unrebutted, would compel the conclusion that no defective

condition existed. In opposition to the motions, the plaintiffs failed to go beyond the unsubstantiated allegations contained in their pleading and bill of particulars. Ritter, J. P., Friedmann, Feuerstein and Crane, JJ., concur.