■ ANTHONY DARIA et al., Appellants, v BEACON CAPITAL COMPANY, INC., et al., Defendants, and MICHAEL SERINO et al., Respondents. [749 NYS2d 79] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated July 5, 2001, as granted the motion of the defendants Michael Serino and Renee Serino for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court (Dillon, J.), dated February 15, 2002, which denied their motion for leave to renew that motion for summary judgment.

Ordered that the order dated July 5, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 15, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff Anthony Daria allegedly fell from a movable, lightweight, aluminum stairway at the rear of a mobile home owned by the respondents Michael Serino and Renee Serino, sustaining personal injuries. This action was commenced, alleging, inter alia, that the respondents were negligent in causing and/or permitting the stairway to become and remain in a dangerous condition. The Supreme Court, among other things, granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them.

The respondents established their entitlement to judgment as a matter of law by demonstrating that there was no evidence of a defective condition regarding the stairway (*see Rentz v Long Is. Light. Co.,* 289 AD2d 466; *Chaslon v Waldbaum, Inc.,* 266 AD2d 177; *Gok v Star Enter.,* 262 AD2d 451). Nor was there evidence that they created, or had actual or constructive notice of, an alleged defect (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Gok v Star Enter., supra*). Further, to the extent the plaintiffs claim that the stairway was defective because it lacked a second handrail, we note that at the time of the accident, the injured plaintiff was carrying a mirror with both of his hands. Thus, the alleged lack of a second handrail was not the proximate cause of his fall (*see Chaslon v Waldbaum, Inc., supra*). The plaintiffs' submissions failed to raise any triable issues of fact.

In addition, the plaintiffs failed to establish that the New York State Uniform Fire Prevention and Building Code applied to the premises, and did not establish violations of the cited sections thereof. Conclusory statements by the plaintiffs' counsel were insufficient to defeat the respondents' prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557).

A motion for leave to renew should be denied unless the moving party offers a reasonable justification as to why the additional facts were not submitted on the prior motion. The plaintiffs failed to offer a reasonable justification for their failure to submit the affidavit of their expert in opposition to the original motion for summary judgment. Thus, the motion for leave to renew was properly denied (*see* CPLR 2221 [e]; *Malik v Campbell,* 289 AD2d 540; *Cole-Hatchard v Grand Union,* 270 AD2d 447). Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.