■ GEORGE SIMPSON et al., Appellants, v COOK PONY FARM REAL ESTATE, INC., et al., Respondents. [784 NYS2d 633]—

In an action, inter alia, to recover damages for defamation and breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Henry, J.), dated March 20, 2003, which denied their motion for leave to renew and reargue their motion for leave to amend the complaint, which was denied in an order dated September 23, 2002, and (2) an order of the same court dated March 21, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order dated March 20, 2003, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 20, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated March 21, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiffs commenced this action claiming, inter alia, that the defendant Cook Pony Farm Real Estate, Inc. (hereinafter Cook Pony Farm), wrongfully terminated George Simpson and breached a software licensing agreement allegedly existing be-

tween the plaintiffs and Cook Pony Farm. The plaintiffs further alleged that Cook Pony Farm's employees published defamatory statements to colleagues in the real estate industry regarding their dissatisfaction with the plaintiffs' software and indicating that the plaintiffs had stolen listings from Cook Pony Farm. However, the plaintiffs did not set forth the actual words complained of, nor did they specify the persons to whom Cook Pony Farm and its agents allegedly published the statements.

A cause of action sounding in defamation which fails to comply with the special pleading requirements contained in CPLR 3016 (a) that the complaint set forth "the particular words complained of," mandates dismissal (see Gill v Pathmark Stores, 237 AD2d 563 [1997]; Sirianni v Rafaloff, 284 AD2d 447 [2001]). Failure to state the particular person or persons to whom the allegedly defamatory statements were made also warrants dismissal (see Gill v Pathmark Stores, supra; Sirianni v Rafaloff, supra).

In any event, the Supreme Court properly determined that the allegedly defamatory statements enjoyed a qualified privilege. Protection from defamation is afforded where the person making the statements does so fairly in the discharge of a public or private duty in which the person has an interest and where the statement is made to a person or persons with a corresponding interest or duty (see Jung Hee Lee Han v State of New York, 186 AD2d 536, 537 [1992]; see also Liberman v Gelstein, 80 NY2d 429, 437 [1992]). Here, the statements expressing dissatisfaction with the plaintiffs' software program and regarding their alleged stealing of Cook Pony Farm's listings were done so in the discharge of Cook Pony Farm's employees' duties. The plaintiffs failed to demonstrate malice to defeat this privilege (see Wyllie v District Attorney of County of Kings, 2 AD3d 714, 719 [2003]). Thus, the allegedly defamatory statements were protected by a qualified privilege and the first cause of action was properly dismissed for this reason as well.

The defendants were entitled to summary judgment dismissing the remaining causes of action sounding in breach of contract. The parties never signed a licensing agreement. The plaintiffs installed their software at two of Cook Pony Farm's six offices, billed $5,412.50 for those services, and were duly paid that amount. Consequently, the plaintiffs failed to rebut the defendants' showing of entitlement to summary judgment dismissing the breach of contract causes of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]).

A motion for leave to renew must be supported by new or ad-

ditional facts "not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Rizzotto v Allstate Ins. Co.,* 300 AD2d 562 [2002]; *Williams v Fitzsimmons,* 295 AD2d 342 [2002]). The requirement that a motion for leave to renew be based on new facts is a flexible one, and it is within the court's discretion to grant renewal upon facts known to the moving party at the time of the original motion (*see Perla Assoc. v Ginsberg,* 256 AD2d 303 [1998]). However, a motion for leave to renew should be denied where the moving party failed to offer a reasonable justification as to why these new facts were not submitted on the prior motion (*see Daria v Beacon Capital Co.,* 299 AD2d 312 [2002]; *Malik v Campbell,* 289 AD2d 540 [2001]). The plaintiffs failed to proffer any "new" facts which were not submitted on the prior motion for leave to amend the complaint. Consequently, the Supreme Court properly denied that branch of their motion which was for leave to renew.

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.