■ T & B PORT WASHINGTON, INC., Doing Business as MAMA SBARRO's, Respondent, v PAMELA McDONOUGH et al., Appellants, et al., Defendants. [825 NYS2d 524]—

In a consolidated action, inter alia, to recover damages for breach of contract, the defendants Pamela McDonough, Martha Knowles, and Monfort Trust appeal, as limited by their brief,

from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 18, 2005, as denied that branch of the motion of the defendant Monfort Trust which was for leave to renew its prior cross motion, among other things, for summary judgment dismissing the action insofar as asserted against it.

Ordered that the appeal by the defendants Pamela McDonough and Martha Knowles is dismissed, as they are not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Monfort Trust; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Monfort Trust.

A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination and set forth a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e]; O'Connell v Post, 27 AD3d 631 [2006]). As the facts submitted in support of the motion of the defendant Monfort Trust for leave to renew were merely cumulative of facts submitted on its prior cross motion, inter alia, for summary judgment dismissing the action insofar asserted against it, the Supreme Court providently denied the motion for leave to renew (see CPLR 2221 [e] [2]; Simpson v Cook Pony Farm Real Estate, Inc., 12 AD3d 496 [2004]). In any event, Monfort Trust failed to set forth a reasonable justification for its failure to present the alleged new facts on its prior motion (see O'Connell v Post, supra; Renna v Gullo, 19 AD3d 472 [2005]; Daria v Beacon Capital Co., 299 AD2d 312 [2002]).

In light of our determination, we need not consider remaining contentions of the Monfort Trust. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.