■ KILEY BLACKMAN, Appellant, v BARBARA STAGNO et al., Respondents. [828 NYS2d 152]—

In an action to recover damages for defamation, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 31, 2006, as granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of her cross motion which was for summary judgment dismissing the defendants' fourth counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff has been employed as a New York State Court Officer since 1986. She is also an animal rights activist. Since 1999, both the plaintiff and the defendant Barbara Stagno have been involved in several animal rights organizations. In 2001 the Town of Greenburgh in Westchester County passed an ordinance prohibiting circuses from using live animals in displays (hereinafter the ordinance). Both the plaintiff and Stagno were involved in efforts to pass the ordinance, during which time disagreements arose between them.

In various letters sent by the plaintiff to Stagno's employer, the plaintiff complained about Stagno's involvement in passing the ordinance. In an e-mail dated May 5, 2003 (hereinafter the May 5th e-mail), sent by the plaintiff to Stagno's employer, the plaintiff referred to Stagno as both being "like a prostitute" and "garbage." The defendant Kim Frohlinger, Stagno's counsel, sent a letter dated May 29, 2003 (hereinafter the May 29th letter), to the plaintiff's employer (the Chief Administrative Judge of the Supreme Court, Bronx County) stating that the plaintiff had sent numerous defamatory letters to Stagno's employer and had stalked and harassed Stagno by leaving threatening messages on her voicemail. Frohlinger requested that the plaintiff's employer intercede and reprimand the plaintiff.

The plaintiff commenced this action alleging that the defendants had made defamatory statements to the plaintiff's employer which resulted in public humiliation, loss of overtime pay, and the loss of a promotion. In their answer, the defendants asserted several counterclaims, including the fourth counterclaim to recover damages for defamation.

The defendants moved for summary judgment dismissing the complaint. In support of their motion, the defendants submitted evidence that the May 29th letter sent by Frohlinger to the

plaintiff's employer was in response to, inter alia, a threatening message that the plaintiff left on Stagno's voicemail. The defendants also submitted a transcript of the plaintiff's deposition, in which she admitted leaving the voicemail message. In addition, the defendants submitted copies of several letters written by the plaintiff to Stagno's employer and a copy of the May 5th e-mail. The defendants established their prima facie entitlement to summary judgment dismissing the complaint by demonstrating that the statements made to the plaintiff's employer by Frohlinger on behalf of Stagno were "fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of [her] own affairs, in a matter where [her] interest is concerned" (*Toker v Pollak*, 44 NY2d 211, 219 [1978], quoting *John W. Lovell Co. v Houghton*, 116 NY 520, 526 [1889]; *see Simpson v Cook Pony Farm Real Estate, Inc.*, 12 AD3d 496, 497 [2004]; *Murphy v Herfort*, 140 AD2d 415, 416 [1988]; *Mercedes-Benz of N. Am. v Finberg*, 58 AD2d 808, 809 [1977]). To be afforded the protection of qualified immunity, "[t]he interest championed by the communicant, viewed as constituting a somewhat lesser degree of importance than those interests vindicated in communications afforded absolute [privilege], must be expressed 'in a reasonable manner and for a proper purpose' " (*Toker v Pollak, supra*, at 219, quoting Prosser, Torts § 115, at 786 [4th ed]). Here, the statements made by Frohlinger in the May 29th letter were made in the discharge of Frohlinger's duties as Stagno's counsel and were made in a reasonable manner and for a proper purpose. Thus, the defendants' allegedly defamatory statements were protected by a qualified privilege (*see Toker v Pollak, supra; Simpson v Cook Pony Farm Real Estate, supra; Murphy v Herfort, supra; Mercedes-Benz of N. Am. v Finberg, supra*).

In opposition, the plaintiff failed to raise a triable issue of fact as to malice so as to defeat the privilege (*see Simpson v Cook Pony Farm Real Estate, supra; Mercedes-Benz of N. Am. v Finberg, supra; Murphy v Herfort, supra* at 416-417). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff cross-moved, inter alia, for summary judgment dismissing the defendants' fourth counterclaim to recover damages for defamation. Since the defendants conceded that the plaintiff's May 5th e-mail was subject to a qualified privilege, the burden shifted to the defendants to raise a triable issue of fact as to malice. Malice can be implied where the alleged defamatory statements are extravagant in their denunciations or vituperative in their character (*see Misek-Falkoff v Keller*, 153 AD2d 841, 842 [1989]).

In opposition to the plaintiff's cross motion, the defendants raised a triable issue of fact as to whether the denunciations of Stagno made by the plaintiff in the May 5th e-mail were sufficiently extravagant as to imply malice in their intent. Accordingly, the Supreme Court also properly denied that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendants' fourth counterclaim to recover damages for defamation. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.