■ ADAM L. SHAPIRO et al., Appellants-Respondents, v WILLIAM PAGAN et al., Respondents-Appellants, et al., Defendant. [855 NYS2d 579]—In an action, inter alia, to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Peck, J.), dated June 8, 2006, which, among other things, granted that branch of the motion of the defendants William Pagan and Nadalyn Caprice which was pursuant to CPLR 5015 (a) (3) to vacate a judgment of the same court dated September 30, 2005, entered upon their default in answering the complaint, and the defendants William Pagan and Nadalyn Caprice cross-appeal, as limited by their brief, from so much of the same order as, in effect, denied that branch of their motion which was pursuant to CPLR 3016 (a) and 3211 to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendants William Pagan and Nadalyn Caprice (hereinafter the defendants) which was pursuant to CPLR 5015 (a) (3) to vacate the judgment dated September 30, 2005, entered upon their default in answering the complaint (*see Oppenheimer v Westcott,* 47 NY2d 595, 604 [1979]).

The Supreme Court also properly, in effect, denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them. The complaint complied with the specific pleading requirements contained in CPLR 3016 (a) and stated cognizable causes of action (*see Simpson v Cook Pony Farm Real Estate, Inc.,* 12 AD3d 496, 497 [2004]). Moreover, and contrary to the defendants' contention, the allegations of slander, which address the plaintiff's business, trade, and profession, represent, if true, slander per se for which no special damages need be pleaded or proven (*see Liberman v Gelstein,* 80 NY2d 429, 435 [1992]).

The parties' remaining contentions are without merit or have been rendered academic. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.