New York Horse Rescue Corp. v Suffolk County Socy. for the Prevention of Cruelty to Animals (2018 NY Slip Op 05934)





New York Horse Rescue Corp. v Suffolk County Socy. for the Prevention of Cruelty to Animals


2018 NY Slip Op 05934


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-07084
 (Index No. 4263/11)

[*1]New York Horse Rescue Corporation, et al., appellants,
v
Suffolk County Society for the Prevention of Cruelty to Animals, et al., defendants, Ann Collins Studer, respondent.


McLaughlin & Stern, LLP, New York, NY (Alan E. Sash and Steven J. Hyman of counsel), for appellants.
Ryan, Perrone & Hartlein, P.C., Mineola, NY (Nicholas J. Tafuri and William T. Ryan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated April 26, 2016. The order, insofar as appealed from, granted that branch of the renewed motion of the defendant Ann Collins Studer which was for summary judgment dismissing the cause of action alleging defamation insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Since the late 1990s, the plaintiff Mona T. Kanciper owned and operated the plaintiff New York Horse Rescue Corporation (hereianfter NYHR), a not-for-profit corporation that rescues unwanted horses, and Butler Farm, LLC (hereinafter the Farm), a horse farm on the same property as NYHR that is used commercially for riding instruction and other services. In 2009, several people, including the defendant Ann Collins Studer, the parent of a former riding student, filed complaints with the defendant Suffolk County Society for the Prevention of Cruelty to Animals (hereinafter SPCA) alleging, inter alia, that Kanciper mistreated animals on the Farm and unlawfully euthanized dogs and horses without a license. Studer specifically complained that Kanciper, inter alia, had euthanized a dog in the presence of Studer's then 10-year-old daughter. Following these complaints, the SPCA conducted an investigation, and the Suffolk County District Attorney's Office subsequently filed criminal charges against Kanciper. While the allegation that Kanciper euthanized a dog in the presence of a child ultimately led to her conviction of endangering the welfare of a child, on appeal to this Court, that conviction was reversed and the charge dismissed (see People v Kanciper, 100 AD3d 778, 779).
The plaintiffs commenced this action against, among others, the SPCA and some of those individuals who filed complaints with the SPCA to recover damages for, inter alia, defamation, tortious interference with contract, and intentional infliction of emotional distress. Specifically, as against Studer, the plaintiffs alleged that she was liable for defamation based on statements she made to the SPCA and for a posting on the Internet. The plaintiffs quoted the language of the Internet post [*2]in the amended complaint: "In the short time that my daughter rode at Butler Farm in Manorville I have seen and heard more horror stories than one could possibly hear in a lifetime regarding the treatment of animals and people including her dearly beloved husband who happened to be a really nice guy." The amended complaint did not set forth the actual alleged defamatory statements made by Studer to the SPCA.
Studer made a renewed motion for summary judgment dismissing the amended complaint insofar as asserted against her. The Supreme Court awarded Studer summary judgment and directed dismissal of the causes of action alleging defamation and tortious interference with contract, and limited the cause of action alleging intentional infliction of emotional distress to one issue insofar as asserted against her. The plaintiffs appeal from so much of the order as awarded Studer summary judgment dismissing the defamation cause of action. We affirm insofar as appealed from.
Initially, with respect to the plaintiffs' contention that Studer was liable for defamation based on the statements she made to the SPCA, since the amended complaint failed to set forth "the particular words complained of," that branch of Studer's motion which was for summary judgment dismissing so much of the defamation cause of action as was based on those statements should have been granted (CPLR 3016[a]; see CSI Group, LLP v Harper, 153 AD3d 1314, 1320; Lemieux v Fox, 135 AD3d 713, 714; Simpson v Cook Pony Farm Real Estate, Inc., 12 AD3d 496, 497). In any event, the record supports the Supreme Court's determination that Studer demonstrated, prima facie, that the allegedly defamatory statements enjoyed a qualified privilege. Protection from defamation is afforded where the person making the statements does so fairly "in the discharge of some public or private duty, legal or moral, or in the conduct of his [or her] own affairs, in a matter where his [or her] interest is concerned" (Toker v Pollak, 44 NY2d 211, 218 [internal quotation marks omitted]; see Thomas H. v Paul B., 18 NY3d 580, 586; Liberman v Gelstein, 80 NY2d 429, 437). Here, since the evidence establishes that Studer made the statements to the SPCA in a good faith effort to obtain the aid of a law enforcement agency in addressing a potentially unsafe environment which children in her community frequented, the statements are subject to a qualified privilege (see generally Toker v Pollak, 44 NY2d at 218-219; Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712; Blackman v Stagno, 35 AD3d 776, 778; Simpson v Cook Pony Farm Real Estate, Inc., 12 AD3d at 497; Wyllie v District Attorney of County of Kings, 2 AD3d 714, 719). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the statements were made with malice to defeat this privilege (see Lieberman v Gelstein, 80 NY2d at 439; Bernacchi v County of Suffolk, 118 AD3d 931, 932; Blackman v Stagno, 35 AD3d at 778; Simpson v Cook Pony Farm Real Estate, Inc., 12 AD3d at 778).
We also agree with the Supreme Court's determination to reject the plaintiffs' contention that Studer was liable for defamation based on the Internet post. Studer established, prima facie, that this post constituted a nonactionable expression of opinion inasmuch as it consisted of imprecise, subjective characterizations which could not be objectively verified (see Mann v Abel, 10 NY3d 271, 276; Crescendo Designs, Ltd. v Reses, 151 AD3d 1015, 1016; Matter of Konig v CSC Holdings, LLC, 112 AD3d 934, 935; Farrow v O'Connor, Redd, Gollihue & Sklarin, LLP, 51 AD3d 626). In opposition, the plaintiffs failed to raise a triable issue of fact.
DILLON, J.P., CHAMBERS, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court