Virtuoso v Niagara Mohawk Power Corp. (2022 NY Slip Op 03816)

Virtuoso v Niagara Mohawk Power Corp.

2022 NY Slip Op 03816

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

191 CA 21-00335

[*1]VINCENT D. VIRTUOSO, PLAINTIFF-APPELLANT,
v
NIAGARA MOHAWK POWER CORPORATION, NIAGARA MOHAWK POWER CORPORATION, DOING BUSINESS AS NATIONAL GRID, NATIONAL GRID USA SERVICE COMPANY, INC., AND NATIONAL GRID USA SERVICE COMPANY, INC., DOING BUSINESS AS NATIONAL GRID, DEFENDANTS-RESPONDENTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON, LLP, BUFFALO (RYAN C. ALTIERI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered February 22, 2021. The order granted the motion of defendants for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries he allegedly sustained after he received an electrical shock while clearing brush inside an electrical substation owned by his employer, who is not a party to this action. He appeals from an order granting defendants' motion for summary judgment dismissing the complaint. We affirm.
Contrary to plaintiff's contention, defendants met their initial burden on the motion of establishing that there was no dangerous or defective condition in their equipment and that they maintained their equipment in reasonable care (see Rentz v Long Is. Light. Co., 289 AD2d 466, 466-467 [2d Dept 2001]; White v Niagara Mohawk Power Corp., 197 AD2d 906, 906-907 [4th Dept 1993]; cf. generally Miner v Long Is. Light. Co., 40 NY2d 372, 379-380 [1976]). Plaintiff contends that Supreme Court erred in granting the motion because defendants' expert failed to assume the truth of plaintiff's deposition testimony. We reject that contention (cf. Ebbole v Nagy, 169 AD3d 1461, 1462 [4th Dept 2019]; cf. generally Jeannette S. v Williot, 179 AD3d 1479, 1482 [4th Dept 2020]). To the contrary, in this common-law negligence action arising from an allegedly dangerous condition on the premises, defendants did not dispute plaintiff's testimony describing the incident and submitted evidence establishing that they did not own or operate any of the equipment in the area where plaintiff testified that he was injured. Consequently, defendants "establish[ed] as a matter of law that they did not exercise any supervisory control over the general condition of the premises [in that area, and] that they neither created nor had actual or constructive notice of the dangerous condition on the premises" (Perry v City of Syracuse Indus. Dev. Agency, 283 AD2d 1017, 1017 [4th Dept 2011]; see Burns v Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1434 [4th Dept 2015]; Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1416 [4th Dept 2011]). Plaintiff failed to raise a triable issue of fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court