■ ROBERT CONCIATORI, Appellant, v PETER LONGWORTH et al., Respondents. [686 NYS2d 68] —In an action, *inter alia*, to recover damages for defamation, the plaintiff appeals, from (1) an order of the Supreme Court, Queens County (Durante, J.), entered December 19, 1997, which granted the separate motions of the defendants Peter Longworth and Foley, Smit, O'Boyle and Weisman, and the defendants CIGNA Companies Insurance Company of North America and Janice Bogner for summary judgment dismissing the complaint insofar as asserted against them and denied his cross motion to amend the complaint, and (2) a judgment of the same court, entered March 19, 1998, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly dismissed the plaintiff's claim of defamation insofar as asserted against the defendant Peter Longworth, an attorney, and his law firm, the defendant Foley, Smit, O'Boyle and Weisman. The allegedly defamatory statement which forms the basis for that claim was made by Longworth while representing the defendant CIGNA Companies Insurance Company of North America (hereinafter Cigna) at a Workers' Compensation Board hearing, and the statement was related to the subject of the hearing, namely the payment of disputed medical bills for services purportedly rendered by the plaintiff. As such, the statement was absolutely privileged (*see, Marsh v Ellsworth,* 50 NY 309, 311-312; *Romeo v Village of Fishkill,* 248 AD2d 700; *Allan & Allan Arts v Rosenblum,* 201 AD2d 136, 138-140; *Fowler v Conforti,* 194 AD2d 394; *Hammer v Berg,* 193 AD2d 716; *Grasso v Matthew,* 164 AD2d 476).

The defendants Janice Bogner and Cigna met their initial burden of establishing their entitlement to summary judgment with respect to the plaintiff's claim of defamation insofar as asserted against them, by demonstrating that the allegedly defamatory statement was made by Bogner while acting within the scope of her employment with Cigna and in relation to the matter before the Workers' Compensation Board. As such, the statement was qualifiedly privileged (*see, Herlihy v Metropolitan Museum of Art,* 214 AD2d 250; *Garson v Hendlin,* 141 AD2d 55). In opposition, the plaintiff failed to raise a genuine issue of material fact that the alleged defamatory statement was made by Bogner with malice, since the only evidence in that regard is the plaintiff's own conclusory allegations based on suspicion, conjecture, and surmise (*see, Handlin v Burkhart,* 101 AD2d 850, 851, *affd* 66 NY2d 678). Therefore, the motion of Bogner and Cigna for summary judgment was properly granted.

The plaintiff's claim alleging prima facie tort was properly dismissed because he failed to plead special damages with the requisite particularity (*see, Constant v Hallmark Cards,* 172 AD2d 641, 642). His claim alleging tortious interference with contractual relations was also properly dismissed because he failed to show that the defendants intentionally procured the breach of a contract by making the alleged defamatory statement (*see, Velazquez v Lackmann Food Servs.*, 251 AD2d 495).

The plaintiff's remaining contention is without merit. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.