■ Janis Fusco, Appellant, v Peter Fusco et al., Respondents. [829 NYS2d 138]—

In an action to recover damages for defamation and tortious interference with contractual relations, the plaintiff appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated May 18, 2005, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the defamation cause of action, and substituting therefor a provision denying that branch of the motion as to allegations concerning the alleged filing of a false police report against the defendant Peter Fusco, and otherwise granting that branch of the motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the defamation cause of action only, as limited herein, without costs or disbursements.

CPLR 3016 (a) provides that in an action to recover damages for libel or slander, the particular words complained of shall be set forth in the complaint. A cause of action sounding in defamation which fails to comply with these special pleading requirements must be dismissed (see Simpson v Cook Pony Farm Real Estate, Inc., 12 AD3d 496 [2004]). Failure to state the particular person or persons to whom the allegedly defamatory statements were made also warrants dismissal (id.).

Accepting the plaintiff's factual allegations as true, the alleged statement by the defendant Natalie Fusco to the plaintiff's

employer, that the plaintiff was aware that the plaintiff's nephew had exposed himself to the defendants' daughter, was not defamatory since the possession of knowledge of an event, as pleaded here, was not reasonably susceptible of a defamatory meaning (*see Aronson v Wiersma*, 65 NY2d 592, 594 [1985]). Additionally, while the statement about the nephew's inappropriate behavior must be evaluated within the context of the letter in which it was published (*see Armstrong v Simon & Schuster*, 85 NY2d 373, 380 [1995]), the absence of the letter itself, quotes from the letter, or, at least, a contextual description thereof demonstrates that the complaint was not pleaded with the particularity required by CPLR 3016 (a) (*see Varela v Investors Ins. Holding Corp.*, 185 AD2d 309, 310 [1992], *affd* 81 NY2d 958 [1993]; *Erlitz v Segal, Liling & Erlitz*, 142 AD2d 710, 712 [1988]).

The Supreme Court erred, however, in dismissing so much of the defamation claim as alleged that the defendant Peter Fusco had defamed the plaintiff by accusing her of filing a false police report against him for "pulling a gun on her." If the statement was published to Dorothy Marchetti as alleged, it may be slanderous per se, as the filing of a false police report is a crime (Penal Law § 175.30). The complaint therefore states a cause of action for purposes of surviving a motion to dismiss pursuant to CPLR 3211, notwithstanding the affidavit of Marchetti that no such statement was made. The Marchetti affidavit is more appropriate for inclusion in a motion for summary judgment under CPLR 3212, and here, the parties did not chart a summary judgment course (*see Moutafis v Osborne*, 18 AD3d 723, 724 [2005]; *Williams v New York City Hous. Auth.*, 238 AD2d 413, 414 [1997]).

The Supreme Court properly dismissed the plaintiff's cause of action alleging tortious interference with contractual relations. "Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Here, the plaintiff did not allege that she had a valid contract with the Hewlett-Woodmere school district, only that she worked for the district. She also failed to allege that her transfer to another school within the same district constituted a breach of any contract of which the defendants were aware and of which the defendants intentionally procured a breach by the school district. Furthermore, the plaintiff failed

to allege damages resulting from the transfer, such as a reduction in salary or any other harm following from the transfer. Accordingly, the Supreme Court correctly found that the plaintiff's allegations failed to set forth the essential elements of a claim for tortious interference with contractual relations (*id.; see Blume v A & R Fuels, Inc.*, 32 AD3d 811, 812 [2006]; *Conciatori v Longworth*, 259 AD2d 459, 460 [1999]).

Since the defamation cause of action is reinstated to the limited extent concerning allegations of the gun-related police report involving the defendant Peter Fusco, dismissal of the complaint was appropriate in its entirety as to the defendant Natalie Fusco. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.