■ Petro Horbul, Respondent, v Mercury Insurance Group et al., Appellants. [881 NYS2d 911]—

In an action to recover damages for slander per se, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), dated November 19, 2008, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint is granted.

The plaintiff alleged in the complaint that the defendants committed slander per se when they reported to the police that the plaintiff had filed a fraudulent claim with them for no-fault medical benefits for his son. However, the complaint failed to comply with CPLR 3016 (a), which requires that a complaint sounding in defamation "set forth 'the particular words complained of' " (*Simpson v Cook Pony Farm Real Estate, Inc.,* 12 AD3d 496, 497 [2004], quoting CPLR 3016 [a]; *see Fusco v Fusco,* 36 AD3d 589 [2007]). Compliance with CPLR 3016 (a) is strictly enforced (*see Abe's Rooms, Inc. v Space Hunters, Inc.,* 38 AD3d 690 [2007]). Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action should have been granted. Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.