JAVIER ZAPATA, Appellant, v CARLA TUFENKJIAN et al., Respondents. [998 NYS2d 435]—

In an action to recover damages for malicious prosecution, false arrest, defamation, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated October 31, 2012, which granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

In October 2009, the plaintiff and the defendants, who are the plaintiff's sister and brother-in-law, entered into an oral agreement pursuant to which the plaintiff would pay the monthly payments and insurance for the defendants' vehicle in return for the right to use the vehicle. The plaintiff began using the vehicle in mid-October 2009 and thereafter paid the November 2009, December 2009, and January 2010 car payments directly to Ford Motor Credit (hereinafter Ford). He testified at his deposition that he paid three months of car insurance, in cash, directly to the defendants, but the defendant Franklyn Tufenkjian testified at his deposition that the plaintiff did not make such a payment to the defendants. In mid-January 2010, a dispute arose between the parties after the defendants informed the plaintiff that the cost to insure the vehicle had increased. Over the next several days, the defendants admittedly sent text messages to the plaintiff and left voicemail messages for the plaintiff, requesting that the plaintiff return the vehicle to them, and claiming to have reported the vehicle as stolen to the police and the insurance company. At their depositions, however, the defendants denied actually filing such reports with the police or the insurance company, and the record contains no such reports.

Having received no response from the plaintiff, on January 24, 2010, the defendants sought New York City Police Department assistance in retrieving their vehicle. The defendants followed a police car to the plaintiff's home, and while the defendants waited nearby in a parked car, two police officers approached the plaintiff and his spouse. According to the plaintiff, a police officer accompanied him into his home to retrieve the key to the vehicle, which was then given to a friend of the defendants. Several minutes later, the officers arrested both the plaintiff and his spouse, and both were held overnight at the police precinct station house. The next day, the plaintiff was released, and no criminal charges were ever brought against him based upon the arrest.

In July 2010, the plaintiff commenced this action against the defendants, asserting causes of action to recover damages for malicious prosecution, false arrest, defamation, and intentional

infliction of emotional distress. The defendants answered and, after the completion of discovery, they moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court granted that branch of the motion. The plaintiff appeals, and we affirm.

Accepting the allegations in the complaint as true, affording the plaintiff the benefit of every favorable inference, and considering the evidentiary material submitted by the parties (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Cervini v Zanoni*, 95 AD3d 919, 921 [2012]), dismissal of the complaint was proper. The plaintiff has no cause of action to recover damages for malicious prosecution since, among other things, no criminal proceeding was ever commenced against him (*see* CPL 1.20 [17]; *Broughton v State of New York*, 37 NY2d 451, 457 [1975]; *Rush v County of Nassau*, 51 AD3d 762, 763 [2008]). He also has no cause of action to recover damages for false arrest. The defendants merely furnished information to the police, who were then free to exercise their own judgment as to how to act, and the defendants' alleged conduct did not rise to the level of "undue zeal" such that the police officers' arrest of the plaintiff was not of the officers' "own volition" (*Mesiti v Wegman*, 307 AD2d 339, 340 [2003] [internal quotation marks omitted]; *see Robles v City of New York*, 104 AD3d 829, 830 [2013]; *Leviev v Bebe Stores, Inc.*, 85 AD3d 736 [2011]). Further, any alleged defamatory statements the defendants may have made to police officers were privileged, and thus, non-actionable (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Salvatore v Kumar*, 45 AD3d 560, 563 [2007]; *Levy v Grandone*, 14 AD3d 660, 661 [2005]). Thus, the plaintiff has no cause of action against the defendants to recover damages for defamation. The plaintiff also has no cause of action to recover damages for intentional infliction of emotional distress since none of the defendants' alleged acts was " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46 [1], Comment *d*; *see Baumann v Hanover Community Bank*, 100 AD3d 814, 816-817 [2012]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.