WILLIAM LEMIEUX et al., Respondents, v ANGELA Fox et al., Appellants, et al., Defendant. [22 NYS3d 583]—

In an action, inter alia, for injunctive relief and to recover damages for defamation, the defendants Angela Fox and Edward Fox appeal from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated June 16, 2014, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging defamation insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging defamation insofar as asserted against the defendants Angela Fox and Edward Fox is granted.

The plaintiffs and the defendants Angela Fox and Edward Fox (hereinafter together the appellants) are neighbors residing in the Village of Bayville. The front of the plaintiffs' property faces the rear of the appellants' property. The plaintiff William Lemieux (hereinafter William) is a police officer with the Nassau County Police Department. The plaintiff Jennifer

Lemieux is William's wife. The appellants, who are husband and wife, are both over the age of 80 and are retired. Since 2006, the plaintiffs and the appellants have had several disputes involving their respective properties, one of the most heated of which concerned the plaintiffs' placement of their trash cans on or near the appellants' rear yard, instead of in front of their own property. In August 2011, the appellants wrote a letter to the Police Commissioner of Nassau County complaining about William's conduct and asking for assistance in solving the problem.

In July 2012, the plaintiffs commenced this action against the appellants and their daughter, Carolyn Fox, who resides in California. Issue was joined in August 2012. In an order dated June 25, 2013, the Supreme Court granted that branch of the motion of the defendant Carolyn Fox which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her. Shortly thereafter, the appellants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The court, among other things, denied that branch of the appellants' motion which was to dismiss the cause of action alleging defamation insofar as asserted against them, and they appeal from that portion of the order.

For the reasons stated in the companion appeal (*see Lemieux v Fox*, 135 AD3d 713 [2016] [decided herewith]), the cause of action alleging defamation failed to comply with the pleading requirements of CPLR 3016 (a) (*see Horbul v Mercury Ins. Group*, 64 AD3d 682, 683 [2009]) and, in any event, the appellants' communications to the police were protected by a qualified privilege (*see Zapata v Tufenkjian*, 123 AD3d 814, 816 [2014]). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging defamation insofar as asserted against them.

The appellants' remaining contentions either are not properly before this Court or have been rendered academic by our determination. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.