■ WILLIAM LEMIEUX et al., Appellants, v ANGELA FOX et al., Defendants, and CAROLYN FOX, Respondent. [22 NYS3d 581]—

In an action, inter alia, for injunctive relief and to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated June 25, 2013, as granted that branch of the motion of the defendant Carolyn Fox which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging defamation insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and the defendants Angela Fox and Edward Fox (hereinafter together the Foxes) are neighbors residing in the Village of Bayville. The front of the plaintiffs' property faces the rear of the Foxes' property. The plaintiff William Lemieux is a police officer with the Nassau County Police Department. The Foxes are both over the age of 80 and are retired. The defendant Carolyn Fox (hereinafter Carolyn), a resident of California, is the Foxes' daughter. Since 2006, the plaintiffs and the Foxes have had several disputes involving their respective properties, one of the most heated of which concerned the plaintiffs' placement of their trash cans on or near the Foxes' property. In August 2011, Carolyn filed a complaint with the Nassau County Police Department's Civilian Complaint Review Board regarding the plaintiffs' placement of their trash cans on or near the Foxes' property.

In July 2012, the plaintiffs commenced this action against the Foxes and Carolyn seeking, inter alia, injunctive relief and to recover damages for defamation. The defendants interposed a verified answer dated August 13, 2012, followed by an amended answer dated August 23, 2012. Shortly thereafter, Carolyn moved pursuant to CPLR 3211 (a) (7) and (8) to dismiss the complaint insofar as asserted against her, and the Supreme Court, among other things, granted that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging defamation insofar as asserted against Carolyn. The plaintiffs appeal from that portion of the order.

CPLR 3016 (a) requires that "[i]n an action for libel or slander, the particular words complained of shall be set forth in the complaint" (CPLR 3016 [a]). "Compliance with CPLR 3016 (a) is strictly enforced" (*Horbul v Mercury Ins. Group*, 64 AD3d 682, 683 [2009]). Therefore, "[a] cause of action sounding in defamation which fails to comply with these special pleading requirements must be dismissed" (*Fusco v Fusco*, 36 AD3d 589, 590 [2007]). Here, the cause of action alleging defamation did not set forth the particular words complained of and alleged

only that the defendants made "defamatory statements to the plaintiff, William Lemieux's, employer and others calling into question [his] character and professionalism." Furthermore, even if the specific alleged defamatory statements had been set forth in the complaint, the communications were protected by a qualified privilege (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Zapata v Tufenkjian*, 123 AD3d 814, 816 [2014]; *Levy v Grandone*, 14 AD3d 660, 661 [2005]), as the plaintiffs failed to allege that the statements were motivated solely by malice (*cf. Kamchi v Weissman*, 125 AD3d 142, 159 [2014]; *Bernacchi v County of Suffolk*, 118 AD3d 931, 932 [2014]; *Diorio v Ossining Union Free School Dist.*, 96 AD3d 710, 712 [2012]; *Kotowski v Hadley*, 38 AD3d 499, 500 [2007]). Accordingly, the Supreme Court properly granted that branch of Carolyn's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging defamation insofar as asserted against her.

In light of our determination, we need not reach Carolyn's remaining contention, which was raised, in effect, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.