Mees v Buiter (2020 NY Slip Op 05200)





Mees v Buiter


2020 NY Slip Op 05200


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-07586
 (Index No. 9579/14)

[*1]Heleen Mees, appellant, 
v
Willem H. Buiter, respondent.


Heleen Mees, Brooklyn, NY, appellant pro se.
Katsky Korins LLP, New York, NY (Adrienne B. Koch and Quirk and Bakalor, P.C.
[Timothy J. Keane], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated June 1, 2016. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the amended complaint and to dismiss, with prejudice, the second and fourth causes of action in the original complaint.
ORDERED that the appeal from so much of the order as granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss, with prejudice, the second and fourth causes of action in the original complaint is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed, with costs.
The plaintiff and the defendant were formerly involved in an adulterous relationship that began in or around 2008. On July 1, 2013, the plaintiff was arrested and charged with various counts of stalking and harassment. According to the criminal information, the plaintiff had sent the defendant at least 1,000 emails between the period of July 1, 2011, and July 1, 2013, the defendant had told the plaintiff to stop contacting him, and the plaintiff had continued to send the defendant "several hundred emails" even after he had sent a "cease and desist letter" to her on February 27, 2013. The criminal information was subsequently amended to include, inter alia, an additional charge of menacing.
The plaintiff commenced this action by summons with notice dated June 26, 2014, and subsequently served a complaint asserting, in relevant part, causes of action alleging defamation under Dutch Law (second cause of action) and malicious prosecution (fourth cause of action). The defendant moved to dismiss the complaint, and the plaintiff thereafter served an amended complaint asserting causes of action to recover damages for defamation (first cause of action), false arrest and imprisonment (second cause of action), intentional infliction of emotional distress based on the defendant's alleged "false and misleading information to the police" (third cause of action), tortious interference with prospective business relations (fourth cause of action), and intentional infliction of emotional distress based on, among other things, the defendant's distribution of pornographic photographs of the plaintiff that were allegedly taken without her consent to "multiple law firms he [*2]has retained, the New York Police Department, and/or the District Attorney's Office" (fifth cause of action). In a supplemental notice of motion, the defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint, and to dismiss, with prejudice, the second and fourth causes of action asserted in the original complaint. By order dated June 1, 2016, the Supreme Court, among other things, granted those branches of the defendant's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the defamation cause of action to the extent that it was predicated on allegedly defamatory statements uttered on May 6, 2013, May 30, 2013, and June 13, 2013, was time-barred. The defendant demonstrated, prima facie, that the plaintiff commenced this action more than one year after those allegedly defamatory statements were made and, thus, were time-barred by the applicable statute of limitations (see CPLR 215[3]; Arvanitakis v Lester, 145 AD3d 650, 651; Sethi v Morrissey, 105 AD3d 833, 834). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (see CPLR 2104; Laner v Laner, 164 AD3d 1433, 1435; Silver v Silver, 162 AD3d 937, 939). Although the parties' submissions indicated that they had contemplated entering into a stipulation tolling the time for the plaintiff to commence an action against the defendant until October 2014, the evidence in the record established that the agreement was never finalized and that the defendant ultimately declined to enter into that agreement.
With respect to the allegedly defamatory statements made by the defendant to the police on or about July 1, 2013, we agree with the plaintiff that the amended complaint was sufficiently specific with respect to the timing of those statements and that, at this stage of the action, she was not required to prove that the statements were made on that particular date (see CPLR 3016[a]; Trump Vil. Section 4, Inc. v Bezvoleva, 161 AD3d 916, 919; Sokol v Leader, 74 AD3d 1180, 1181). Nevertheless, contrary to the plaintiff's contention, any alleged defamatory statements that the defendant may have made to the police on or about July 1, 2013, were privileged, and thus, nonactionable (see Liberman v Gelstein, 80 NY2d 429, 437; Zapata v Tufenkjian, 123 AD3d 814, 816). Furthermore, under the circumstances of this case, the evidentiary material submitted by the defendant in support of his motion conclusively established that the plaintiff has no cause of action against him to recover damages for defamation based on his alleged statements to the police on or about that date (see CPLR 3211[a][7]; Guggenheimer v Ginzburg, 43 NY2d 268, 275; Pincus v Wells, 35 AD3d 569, 570-571).
The allegedly defamatory statements that were published by the defendant on Facebook in March 2014, constituted nonactionable expressions of pure opinion (see Davis v Boeheim, 24 NY3d 262, 269; Trump Vil. Section 4, Inc. v Bezvoleva, 161 AD3d at 917).
The plaintiff also has no cause of action to recover damages for false arrest and imprisonment. The defendant merely furnished information to the police and sought their assistance. The police were then free to exercise their own judgment as to how to act, and the defendant's alleged conduct did not rise to the level of "undue zeal" such that the police officers' arrest of the plaintiff was not of the officers' "own volition" (Zapata v Tufenkjian, 123 AD3d at 816 [internal quotation marks omitted]; see Leviev v Bebe Stores, Inc., 85 AD3d 736, 736). The plaintiff has no cause of action to recover damages for intentional infliction of emotional distress based on the pornographic photographs inasmuch as they were distributed in the context of this litigation (see Weinstock v Sanders, 144 AD3d 1019, 1021; Wilson v Erra, 94 AD3d 756, 756; Kaye v Trump, 58 AD3d 579, 579; Yalkowsky v Century Apts. Assoc., 215 AD2d 214, 215). Moreover, the second and third causes of action were properly dismissed as duplicative of the cause of action to recover damages for defamation (see Napoli v New York Post, 175 AD3d 433, 434; Ripka v County of Madison, 162 AD3d 1371, 1373).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was to dismiss the amended complaint.
Finally, the original complaint was superseded by the amended complaint and is no longer viable inasmuch as the amended complaint "takes the place of the original pleading" (100 Hudson Tenants Corp. v Laber, 98 AD2d 692, 962; see Golia v Vieira, 162 AD3d 863, 864; Jeffrey [*3]Gardens Apt. Corp. v LH Mgt., Inc., 157 AD3d 941, 943; Taub v Schon, 148 AD3d 1200, 1201). Thus, the appeal from so much of the order dated June 1, 2016, as determined those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss, with prejudice, the second and fourth causes of action in the original complaint has been rendered academic (see Chalasani v Neuman, 64 NY2d 879, 880; Astro Air Corp. v L.D. Wenger Constr. Co., 178 AD3d 765, 766; Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 864; Taub v Schon, 148 AD3d at 1201; Allstate ATM Corp. v E.S.A. Holding Corp., 98 AD3d 541, 541).
The parties' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.

2016-07586 DECISION & ORDER ON MOTION
Heleen Mees, appellant, v Willem H. Buiter,
respondent.
(Index No. 9579/14)

Motion by the respondent on an appeal from an order of the Supreme Court, Kings County, dated June 1, 2016, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated April 26, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that those portions of the appellant's brief sought to be struck on pages 3, 4, 10, 28, 31, 35, 44, 46, 47, 54, 55, and 60, with the exception of the portion sought to be struck on page 28 insofar as it concerns the appellant's loss of employment with New York University, are stricken from the appellant's brief and have not been considered in the determination of the appeal, and the motion is otherwise denied.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court