Castle at Bluehill, Inc. v Town of Orangetown (2020 NY Slip Op 07346)





Castle at Bluehill, Inc. v Town of Orangetown


2020 NY Slip Op 07346


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-00914
 (Index No. 32250/16)

[*1]Castle at Bluehill, Inc., etc., et al., plaintiff-appellant- respondent, 
v
Town of Orangetown, defendant third-party plaintiff-respondent-appellant; Thomas Emmett Woods, et al., third-party defendants-appellants-respondents.


Feerick Nugent MacCartney, PLLC, South Nyack, NY (Donald J. Feerick, Jr., and Patrick A. Knowles of counsel), for plaintiff-appellant-respondent and third-party defendants-appellants-respondents.
Robert V. Magrino, Town Attorney, Orangeburg, NY (Dennis D. Michaels of counsel), for defendant third-party plaintiff-respondent-appellant.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff and the third-party defendants appeal, and the defendant third-party plaintiff cross-appeals, from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated December 14, 2018. The order, insofar as appealed from, denied the third-party defendants' motion for summary judgment dismissing the third-party complaint. The order, insofar as cross-appealed from, denied the defendant third-party plaintiff's cross motion for summary judgment on the third-party complaint.
ORDERED that the appeal by the plaintiff from so much of the order as denied the third-party defendants' motion for summary judgment dismissing the third-party complaint is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Morales v 1415, LLC, 171 AD3d 913; Mixon v TBV Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as reviewed on the appeal by the third-party defendants, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from, without costs or disbursements.
This matter involves a food and beverage concession at the Blue Hill Golf Course in the Town of Orangetown. In May 2011, the plaintiff won a Town license to operate the concession after the Town held a request for proposals (hereinafter RFP) process. The license agreement between the plaintiff and the Town, dated May 12, 2011, gave the plaintiff the right to operate the concession at the Blue Hill Golf Course for five years, subject to certain conditions. It also gave the plaintiff a conditional right to renew and continue operation of the concession after the expiration of the five-year period, provided that the plaintiff complied with certain terms in the contract, in which case the Town could not unreasonably refuse the plaintiff's extension option.
In June 2016, the plaintiff commenced this action alleging that the Town breached the license agreement by failing to honor its renewal option. Thereafter, the Town interposed an answer with counterclaims. The first counterclaim alleged that the plaintiff breached its contract with the Town by failing to pay license fees for the concession and water consumption fees for the caretaker's cottage, known as the White House, which was located some distance from the concession. In November 2016, the Town commenced a third-party action against Thomas Emmett Woods and Fiona M. Woods (hereinafter together the third-party defendants), the equitable owners of the plaintiff, alleging, inter alia, that they had executed a personal guaranty for the plaintiff's performance of its license agreement with the Town, and that they were personally liable for approximately $44,000 in arrears due and owing under the license agreement. The third-party defendants interposed an answer denying the material allegations of the complaint and asserting several affirmative defenses, including that the Town fraudulently misrepresented and/or fraudulently concealed that the charges to be paid under the license agreement included utilities consumed by the White House.
Following discovery, the third-party defendants moved for summary judgment dismissing the third-party complaint on the ground, inter alia, that the personal guaranty was void ab initio as the Town failed during negotiations to disclose material facts to the third-party defendants concerning the White House water supply and costs, that the White House water usage was significantly greater than the Town had represented in its RFP and subsequent contract negotiations, and that a physical inspection of the concession location did not reveal the potential liability for the White House's water consumption. The Town opposed the third-party defendants' motion and cross-moved for summary judgment on the third-party complaint. The Supreme Court denied both the motion and the cross motion, finding, inter alia, that triable issues of fact existed as to whether the Town intended to deceive the third-party defendants on material facts. The plaintiff and the third-party defendants appeal and the Town cross-appeals.
The elements of a cause of action to recover damages for fraud are (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages (see Bashian & Farber, LLP v Syms, 173 AD3d 659, 661). In order to recover damages for fraudulent inducement, "'there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury'" (Tsinias Enters. Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1273, quoting GoSmile, Inc. v Levine, 81 AD3d 77, 81). As far as fraudulent concealment is concerned, in addition to scienter, reliance, and damages, there must be a showing that there was a fiduciary or confidential relationship between the parties that would impose a duty to disclose material information (see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 178 AD3d 987, 989-990).
Here, the third-party defendants established their prima facie entitlement to judgment as a matter of law dismissing the third-party complaint by submitting various documents evincing that the Town was aware that the concession operator would be responsible for the White House's water use charges at the time of the contract negotiations, and that the third-party defendants would not have executed the guaranty if they had known about the water use charges. In opposition, however, the Town raised a triable issue of fact by submitting evidence that the Town employees who were involved in the RFP process were unaware that payment of the water use charges for the White House would be the responsibility of the concession operator. Moreover, the Town raised a triable issue of fact as to whether the omission of that fact was material, since it was only a very small percentage of the liability the third-party defendants undertook pursuant to the guaranty.
Similarly, although the Town, in support of its cross motion, established its prima facie entitlement to judgment as a matter of law on the third-party complaint, the third-party defendants raised a triable issue of fact in opposition (see Sharon v 398 Bond St., LLC, 169 AD3d 1079, 1081).
The third-party defendants' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination denying the third-party defendants' motion for summary judgment dismissing the third-party complaint and the Town's cross motion for summary judgment on the third-party complaint.
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court