Cantor v Villucci (2023 NY Slip Op 00298)

Cantor v Villucci

2023 NY Slip Op 00298

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04927
 (Index No. 68681/19)

[*1]Liliah Cantor, etc., appellant, 
v
Gerard Villucci, etc., et al., respondents.

Liliah Cantor, Mahopac, NY, appellant pro se.
Kaufman Borgeest & Ryan LLP, New York, NY (Laura B. Juffa of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 1, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2017, the plaintiff, a former employee of the defendant Boston Children's Health Physicians, LLP (hereinafter BCHP), commenced an action against BCHP to recover damages for breach of an employment contract entered into between the plaintiff and BCHP's predecessor in October 2011. After a nonjury trial, the Supreme Court determined that BCHP breached the contract and awarded the plaintiff damages.
The plaintiff thereafter commenced this action against BCHP and the defendant Gerard Villucci, BCHP's chief executive officer, to recover damages for fraud, alleging that Villucci made false statements to her regarding her obligations under the employment contract and the enforceability of a restrictive noncompete clause in the contract. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, inter alia, on the ground that it failed to state a cause of action. In an order dated May 1, 2020, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
"'On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory'" (Weinstein v Levitin, 208 AD3d 531, 532, quoting Gruber v Donaldsons, Inc., 201 AD3d 887, 888).
To recover damages for fraudulent misrepresentation or fraudulent inducement, a plaintiff must prove "(1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury" (Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 [*2]AD3d 808, 812 [internal quotation marks omitted]; see 651 Bay St., LLC v Discenza, 189 AD3d 952, 953-954). "As far as fraudulent concealment is concerned, in addition to scienter, reliance, and damages, there must be a showing that there was a fiduciary or confidential relationship between the parties that would impose a duty to disclose material information" (Castle at Bluehill, Inc. v Town of Orangetown, 189 AD3d 980, 982).
Here, the Supreme Court properly determined that the complaint failed to state a cause of action alleging fraudulent misrepresentation, fraudulent inducement, or fraudulent concealment against the defendants. The alleged misrepresentations, consisting of statements by Villucci that the plaintiff's salary increase was "discretionary" and that the noncompete clause in the contract was enforceable, amount to nothing more than nonactionable opinions or "prediction[s] of something which is hoped or expected to occur in the future," which cannot sustain a fraud cause of action (Lombardi v Lombardi, 127 AD3d 1038, 1040 [internal quotation marks omitted]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 179; Glazer v LoPreste, 278 AD2d 198, 199).
The plaintiff's contention that the defendants breached the covenant of good faith and fair dealing is raised for the first time on appeal and is not properly before this Court (see Bonilla v Southside United Hous. Dev. Fund Corp., 181 AD3d 550, 551).
The defendants' contention that this action was barred by the doctrine of res judicata, which is raised as an alternative ground for affirmance, need not be reached in light of our determination (see Marrero v Crystal Nails, 114 AD3d 101, 114).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court