Orrego v Knipfing (2025 NY Slip Op 04100)

Orrego v Knipfing

2025 NY Slip Op 04100

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2021-09209
2021-09210
 (Index No. 706324/21)

[*1]Lidia M. Orrego, appellant, 
v
Kevin Knipfing, also known as Kevin James, et al., respondents.

Lidia M. Orrego, Rego Park, NY, appellant pro se.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Kuuku Minnah-Donkoh of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent infliction of emotional distress, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered August 2, 2021, and (2) an order of the same court entered November 18, 2021. The order entered August 2, 2021, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's motion for leave to enter a default judgment against the defendants. The order entered November 18, 2021, insofar as appealed from, denied the plaintiff's motion for leave to renew her prior motion for leave to enter a default judgment against the defendants and her opposition to the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and, upon reargument, adhered to the prior determination in the order entered August 2, 2021, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denying the plaintiff's motion for leave to enter a default judgment against the defendants.
ORDERED that the appeal from the order entered August 2, 2021, is dismissed, as that order was superseded by so much of the order entered November 18, 2021, as was made upon reargument; and it is further,
ORDERED that the order entered November 18, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff was previously employed by the defendant Kevin Knipfing, also known as Kevin James (hereinafter Knipfing), to work as a nanny and take care of his children. The plaintiff, proceeding pro se, commenced this action against Knipfing and the defendants Rebeca Uzcategui, also known as Rebeca Lugo (hereinafter Uzcategui), and Cristina Selga, also known as Cristina Coimbra (hereinafter Selga), her former coworkers. The complaint alleged that during the plaintiff's employment, Uzcategui reported to the plaintiff various troubling allegations concerning the work environment in Knipfing's home and the children, encouraged the plaintiff to report these allegations to Knipfing, and promised to support the plaintiff in doing so. The complaint alleged that the plaintiff reported these allegations to Knipfing, but, in effect, Uzcategui did not support the [*2]plaintiff in reporting the allegations. The plaintiff alleged that, as a result, Uzcategui negligently inflicted emotional distress on the plaintiff. The complaint further alleged that the plaintiff also reported to Knipfing that she had witnessed Uzcategui abuse at least one of the children. The plaintiff alleged that Knipfing and Selga falsely accused the plaintiff of committing a crime by subsequently retracting her allegation that Uzcategui had engaged in child abuse. The complaint alleged that as a result, the plaintiff's professional and personal reputation was damaged.
On May 14, 2021, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. Shortly thereafter, the plaintiff moved for leave to enter a default judgment against the defendants, asserting, in effect, that the defendants were in default because they did not timely answer the complaint or otherwise appear in the action. In an order entered August 2, 2021, the Supreme Court denied the plaintiff's motion for leave to enter a default judgment against the defendants and granted dismissal of the complaint pursuant to CPLR 3211(a)(7). The court determined that the complaint alleged that the defendants had made disparaging statements about the plaintiff in the context of another judicial proceeding and that, therefore, these statements were absolutely privileged and could not serve as the basis for the causes of action alleging defamation and negligent infliction of emotional distress.
Thereafter, the plaintiff moved for leave to reargue her prior motion for leave to enter a default judgment against the defendants and her opposition to the defendants' prior motion to dismiss the complaint. The plaintiff argued, inter alia, that the Supreme Court had overlooked or misapprehended the fact that the complaint, in addition to asserting causes of action alleging negligent infliction of emotional distress and defamation, also asserted causes of action alleging fraudulent misrepresentation and civil conspiracy. The plaintiff further argued that the court had overlooked or misapprehended the fact that the complaint alleged that Uzcategui had engaged in the actions that resulted in the negligent infliction of emotional distress on the plaintiff outside the context of any judicial proceeding and that Knipfing and Selga had made defamatory statements outside the context of any judicial proceeding. In addition, the plaintiff separately moved for leave to renew her prior motion and her opposition to the defendants' prior motion. In support, the plaintiff submitted the results of a Freedom of Information Law request that she had made on August 18, 2021, and argued that this new evidence would change the court's prior determination. In an order entered November 18, 2021, the court denied the plaintiff's motion for leave to renew. The court also granted the plaintiff leave to reargue and, upon reargument, adhered to its prior determination granting the defendants' prior motion pursuant to CPLR 3211(a) to dismiss the complaint and denying the plaintiff's prior motion for leave to enter a default judgment against the defendants. The plaintiff appeals.
The elements of a cause of action to recover damages for defamation are "(a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Greenberg v Spitzer, 155 AD3d 27, 41). CPLR 3016(a) provides that, "[i]n an action for libel or slander, the particular words complained of shall be set forth in the complaint." "Compliance with CPLR 3016(a) is strictly enforced" (Horbul v Mercury Ins. Group, 64 AD3d 682, 683; see Lemieux v Fox, 135 AD3d 713, 714). The complaint "must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made" (Epifani v Johnson, 65 AD3d 224, 233; see Oluwo v Mills, 228 AD3d 879, 880). Here, accepting as true the allegations in the complaint and affording a liberal reading to the complaint in view of the plaintiff's status as a pro se litigant (see Oluwo v Mills, 228 AD3d at 880; MTGLQ Invs., L.P. v Makhnevich, 201 AD3d 931, 932), the complaint failed to state a cause of action alleging defamation. The Supreme Court correctly determined that so much of the complaint as sought to recover damages for allegedly false statements that were made during the course of other litigation was subject to dismissal pursuant to CPLR 3211(a)(7) (see Feng Li v Shih, 207 AD3d 444, 447). Further, the complaint failed to set forth when, where, or the manner in which, and specify to whom, Knipfing and Selga had allegedly made defamatory statements outside the context of litigation (see Oluwo v Mills, 228 AD3d at 880; Starr v Akdeniz, 162 AD3d 948, 950; Golia v Vieira, 162 AD3d 865, 869; CSI Group, LLP v Harper, 153 AD3d 1314, 1320; Raymond v Marchand, 125 AD3d 835, [*3]836).
In addition, the complaint failed to state a cause of action alleging negligent infliction of emotional distress. "A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him or her which unreasonably endangered his or her physical safety, or caused him or her to fear for his or her own safety" (Chiesa v McGregor, 209 AD3d 963, 966 [alterations and internal quotation marks omitted]; see Punchar v Bishop, 229 AD3d 818, 819). Here, the plaintiff failed to allege that Uzcategui owed a duty to the plaintiff (see Weiss v Vacca, 219 AD3d 1375, 1377; Nachbar v Cornwall Yacht Club, 160 AD3d 972, 973).
A cause of action to recover damages for fraudulent misrepresentation requires "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [internal quotation marks omitted]; see Avery v WJM Dev. Corp., 216 AD3d 887, 889; R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 872). Accepting as true the allegations in the complaint and affording a liberal reading to the complaint in view of the plaintiff's status as a pro se litigant, the Supreme Court properly determined that the complaint failed to state a cause of action alleging fraudulent misrepresentation. The allegations in the complaint that Knipfing had promised the plaintiff that nothing "bad" would happen to the plaintiff if she cooperated with Knipfing's investigation into her allegations amounted to "nothing more than nonactionable opinion[ ] or predictions of something which is hoped or expected to occur in the future, which cannot sustain a fraud cause of action" (Cantor v Villucci, 212 AD3d 765, 767 [alterations and internal quotation marks omitted]; see Lombardi v Lombardi, 127 AD3d 1038, 1040).
Further, since the plaintiff failed to state a cause of action alleging defamation, negligent infliction of emotional distress, or fraudulent misrepresentation, she also failed to state a cause of action alleging civil conspiracy, "since it stands or falls with the underlying tort" (McSpedon v Levine, 158 AD3d 618, 621; see Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli, 215 AD3d 699, 703).
Accordingly, the Supreme Court, upon reargument, properly adhered to its original determination granting the defendants' prior motion pursuant to CPLR 3211(a) to dismiss the complaint.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][2], [3]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Carmike Holding I, LLC v Smith, 180 AD3d 744, 747 [internal quotation marks omitted]; see Citimortgage, Inc. v Roque, 202 AD3d 1041, 1042). Thus, "[w]hen no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 674 [internal quotation marks omitted]; see Groman v Fleyshmakher, 221 AD3d 789, 790). Here, the plaintiff did not offer a reasonable justification for the failure to present the additional facts in opposition to the defendants' prior motion and in support of her prior motion. Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to renew.
Contrary to the defendants' contention, the Supreme Court granted the plaintiff leave to reargue her prior motion for leave to enter a default judgment against the defendants. However, upon reargument, the court properly adhered to its original determination denying the plaintiff's prior motion for leave to enter a default judgment against the defendants. "After having been served with process, the defendant who wants to avoid a default must respond in a proper and timely manner" (21st Mtge. Corp. v Raghu, 197 AD3d 1212, 1214 [internal quotation marks omitted]; see Digital Direct & More, Inc. v Dialectic Distrib., LLC, 230 AD3d 567, 568). "The CPLR sets forth three ways that a defendant may appear in the action: '[t]he defendant appears [1] by serving an answer [*4]or [2] [by serving] a notice of appearance, or [3] by making a motion which has the effect of extending the time to answer'" (21st Mtge. Corp. v Raghu, 197 AD3d at 1214-1215, quoting CPLR 320[a]; see CPLR 3012[a]). "Service of a notice of motion to dismiss a complaint pursuant to CPLR 3211(a) extends a defendant's time to answer the complaint" (21st Mtge. Corp. v Raghu, 197 AD3d at 1215; see CPLR 3211[f]). However, "[s]uch a motion must be made 'before service of the responsive pleading is required,' or it is untimely" (21st Mtge. Corp. v Raghu, 197 AD3d at 1215 [citation omitted], quoting CPLR 3211[e]).
Here, in support of her motion for leave to enter a default judgment against the defendants, the plaintiff submitted affidavits of service, which indicated that each defendant was served by substituted service pursuant to CPLR 308(2). As the Supreme Court found, these affidavits of service were filed with the court on April 14, 2021, and service became "complete" 10 days later (id.; see HSBC Bank USA, N.A. v Johnson, 234 AD3d 675). As a result, the defendants were required to serve an answer to the complaint or make a pre-answer motion to dismiss the complaint pursuant to CPLR 3211(a) within 30 days of April 24, 2021 (see id. § 3012[c]). Thus, as the court properly determined, the defendants timely made their pre-answer motion to dismiss the complaint on May 14, 2021.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court