Marcigliano v Coulianidis (2025 NY Slip Op 05945)

Marcigliano v Coulianidis

2025 NY Slip Op 05945

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-00068
 (Index No. 612004/23)

[*1]Michael Marcigliano, appellant-respondent,
v
Nicholas A. Coulianidis, respondent-appellant.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant-respondent.
Jakubowski, Robertson, Maffel, Goldsmith & Tartaglia, LLP, Saint James, NY (Chase Prochaska and Mark Goldsmith of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 18, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. The cross-appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is the maternal grandfather of the defendant's child. In an order dated April 9, 2021, the Family Court awarded the child's mother residential custody of the child, with parenting time to the defendant, pursuant to a stipulation of settlement. The child and his mother resided in an apartment within the plaintiff's home.
In March 2023, the defendant commenced a proceeding to modify the order dated April 9, 2021. In the petition, the defendant alleged, inter alia, that the plaintiff's home was a dangerous place for the child to live and that the plaintiff engaged in verbal and physical abuse in the presence of the child.
Thereafter, the plaintiff commenced this action against the defendant to recover damages for defamation. The defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated September 18, 2023, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Tsamasiros v Jones, 232 AD3d 816, 817; see Oluwo v Mills, 228 AD3d 879, 880). In an action to recover damages for libel or slander, "the particular words complained of shall be set forth in the complaint" (CPLR 3016[a]; see Sternberg v Wiederman, 225 AD3d 820, 821). "The complaint must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made" (Jesberger v CVS Health Solutions, [*2]LLC, 222 AD3d 849, 850 [internal quotation marks omitted]). "Compliance with CPLR 3016(a) is strictly enforced" (Oluwo v Mills, 228 AD3d at 880 [internal quotation marks omitted]), and "[a] cause of action sounding in defamation which fails to comply with these special pleading requirements must be dismissed" (Lemieux v Fox, 135 AD3d 713, 714 [internal quotation marks omitted]). Here, the complaint, with regard to all allegedly defamatory statements, except for those contained in the petition filed by the defendant, failed to set forth the words complained of or specify the time when, place where, and manner in which the statements were made.
With regard to the allegedly defamatory statements contained in the defendant's petition, "statements uttered in the course of a judicial proceeding are absolutely privileged, 'as long as such statements are material and pertinent to the questions involved' in the proceeding" (Stega v New York Downtown Hosp., 31 NY3d 661, 669, quoting Wiener v Weintraub, 22 NY2d 330, 331; see Strujan v Kaufman & Kahn, LLP, 168 AD3d 1114, 1116). Here, the allegedly defamatory statements contained in the petition were made in the course of a judicial proceeding and were material and pertinent to the questions involved in the proceeding. Thus, the allegations based on these statements failed to state a cause of action (see Strujan v Kaufman & Kahn, LLP, 168 AD3d at 1116).
The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court