ANS 1 Corp. v Yosef (2025 NY Slip Op 06684)

ANS 1 Corp. v Yosef

2025 NY Slip Op 06684

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-09441
 (Index No. 726130/22)

[*1]ANS 1 Corp., et al., plaintiffs, 
v
Roi Yosef, et al., defendants, Rosso Law Firm, P.C., defendant third-party plaintiff-respondent; Rothkrug Rothkrug & Spector, LLP, third-party defendant-appellant, et al., third-party defendant.

Rothkrug Rothkrug & Spector, LLP, Great Neck, NY (Simon H. Rothkrug of counsel), third-party defendant-appellant pro se.
Leon I. Behar, P.C., New York, NY, for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the third-party defendant Rothkrug Rothkrug & Spector, LLP, appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated June 1, 2023. The order, insofar as appealed from, denied that branch of that third-party defendant's motion which was pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the third-party defendant Rothkrug Rothkrug & Spector, LLP, which was pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against it is granted.
In December 2022, the plaintiffs commenced this derivative action (hereinafter the underlying action) against, among others, Rosso Law Firm, P.C. (hereinafter Rosso Law), alleging, inter alia, financial misconduct and fraud. In March 2023, Rosso Law commenced a third-party action against Rothkrug Rothkrug & Spector, LLP (hereinafter Rothkrug), and Noah Goldstein asserting causes of actions to recover damages for fraud, defamation, abuse of process, and malicious prosecution arising from an alleged fraudulent shareholder agreement that was the basis of the underlying action. In April 2023, Rothkrug moved, among other things, pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against it on the ground, among others, that the third-party complaint failed to state a cause of action. In an order dated June 1, 2023, the Supreme Court, inter alia, denied that branch of Rothkrug's motion. Rothkrug appeals.
When deciding a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, 815, quoting Leon v Martinez, 84 NY2d 83, 87-88).
The elements of a cause of action to recover damages for fraud "require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; see Clevenger v Yuzek, 222 AD3d 931, 935). "A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559). Here, liberally construing the allegations in the third-party complaint in the light most favorable to Rosso Law, the third-party complaint failed to state a cause of action to recover damages for fraud against Rothkrug. The third-party complaint failed to allege that Rosso Law justifiably relied on any alleged misrepresentations contained in, or made in connection with, the purported fraudulent shareholder agreement (see CPLR 3211[a][7]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559; Benjamin v Yeroushalmi, 178 AD3d 650, 654). Accordingly, the Supreme Court should have granted that branch of Rothkrug's motion which was pursuant to CPLR 3211(a) to dismiss the third-party cause of action to recover damages for fraud insofar as asserted against it.
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Whelan v Cuomo, 220 AD3d 979, 980 [internal quotation marks omitted]; see Greenberg v Spitzer, 155 AD3d 27, 41). CPLR 3016(a) requires, "[i]n an action for libel or slander, the particular words complained of shall be set forth in the complaint." "'Compliance with CPLR 3016(a) is strictly enforced'" (Lemieux v Fox, 135 AD3d 713, 714, quoting Horbul v Mercury Ins. Group, 64 AD3d 682, 683). Here, Rosso Law failed to sufficiently allege a cause of action to recover damages for defamation against Rothkrug because it did not allege that any statement or agreement exposed it to public contempt, hatred, or ridicule (see Whelan v Cuomo, 220 AD3d at 980-981). Rosso Law also failed to sufficiently allege the manner in which the allegedly defamatory statements were published and to whom they were made (see Starr v Akdeniz, 162 AD3d 948, 950; CSI Group, LLP v Harper, 153 AD3d 1314, 1320). Accordingly, the Supreme Court should have granted that branch of Rothkrug's motion which was pursuant to CPLR 3211(a) to dismiss the third-party cause of action to recover damages for defamation insofar as asserted against it.
Moreover, the Supreme Court should have granted that branch of Rothkrug's motion which was pursuant to CPLR 3211(a) to dismiss the third-party cause of action to recover damages for abuse of process insofar as asserted against it because the allegations were based solely on the "mere commencement of a lawsuit" and "[t]he mere commencement of a lawsuit cannot serve as the basis for a cause of action alleging abuse of process" (Lynn v McCormick, 153 AD3d 688, 688; see Kaufman v Kaufman, 206 AD3d 805, 807).
"The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Kaufman v Kaufman, 206 AD3d at 807-808 [internal quotation marks omitted]; see Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d 1253, 1254-1255). Here, the third-party complaint did not allege that there was a prosecution of a civil action against Rosso Law by Rothkrug without probable cause which terminated in favor of Rosso Law (see Kaufman v Kaufman, 206 AD3d at 808; Furgang & Adwar, LLP v Fiber-Shield Indus., Inc., 55 AD3d 665, 666). Accordingly, the Supreme Court should have granted that branch of Rothkrug's motion which was pursuant to CPLR 3211(a) to dismiss the third-party cause of action to recover damages for malicious prosecution insofar as asserted against it.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court